**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY D. COSMO COSBY,

    Plaintiff-Appellant,

v.

J. KNOWLES, Warden; J.M. GRECO, Associate
Warden; RUTLEDGE, Admin. Captain; CHRIS
EICHENLAUB, Unit Mgr., E/B Unit,

    Defendants-Appellees.

No. 97-1400
(D.C. No. 97-D-1842)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Cosby is a federal prisoner. He filed a pro se complaint alleging a civil rights deprivation pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The district court entered an order dismissing the complaint without prejudice, which Mr. Cosby appeals.

Mr. Cosby's complaint alleged the prison officials failed to "respond to the grievance denying the request for hygience [sic] products to be purchase [sic] by the plaintiff." He wished to purchase "[l]otion, [s]hampoo, [d]eodorant, or skin care products for his body."

Mr. Cosby applied for permission to proceed with his litigation in the district court *in forma pauperis*. The district court served Mr. Cosby with written notice informing him he would not be allowed to do so unless he produced a certified copy of his prisoner trust fund account statement for the preceding six-month period. Mr. Cosby failed to comply with this requirement. Mr. Cosby's *Bivens* action was then dismissed by the district court for failure to comply with the provisions of 28 U.S.C. § 1915(a)(2), which requires submission of "a certified copy of the trust fund account statement ... for ... the 6-month period immediately preceding the filing of the complaint."

At the same time, the trial court ruled Mr. Cosby's complaint lacked merit because he had failed to exhaust his administrative remedies. The trial court noted Mr. Cosby is a prisoner challenging the conditions of his confinement pursuant to federal law. Relying upon 42 U.S.C. § 1997e(a), which provides such an action may not be brought "until such administrative remedies as are available are exhausted," the court concluded Mr. Cosby had failed to exhaust. The trial court correctly spelled out the requirements for exhaustion, *see* 28 C.F.R. §§ 542.14 - 542.15, in its order and further spelled out where Mr. Cosby's actions fell short.

Mr. Cosby has filed a motion for leave to proceed *in forma pauperis* on his appeal of the district court's order. His motion was denied by the trial court, in part due to Mr. Cosby's failure to attach certified trust fund statements for the six-month period immediately preceding the filing. We agree. Mr. Cosby has not met the requirements for prisoners who seek to appeal a civil action judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(2). For this reason he cannot proceed *in forma pauperis. See* 28 U.S.C. § 1915(a)(1). We deny his request and dismiss the appeal.

Even if we were to reach the merits in this case, however, we would affirm

the district court's order. Mr. Cosby argues he had administratively exhausted his claim, as he wrote asking for approval to buy his "hygience products," and his inability to purchase his skin care products amounts to cruel and unusual punishment. For the reasons outlined by the district court, this action does not suffice to exhaust Mr. Cosby's administrative remedies. Mr. Cosby has failed to convince us of any error.

Mr. Cosby's appeal to this court is frivolous and lacks merit. Because we dismiss the appeal based on our denial of Mr. Cosmo's request to proceed *in forma pauperis*, we will not count this as a "prior occasion" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g) (establishing a prior occasion must be "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted").

Mr. Cosmo's request to proceed *in forma pauperis* is **DENIED**, and the appeal is **DISMISSED**.

Entered for the Court

**WADE BRORBY**
United States Circuit Judge

-4-